■ In the Matter of CARLOS MAISONET, Appellant, v CLARK K. WILSON, as Director of the Temporary Release Programs, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Conway, J.), entered July 2, 1981 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the regional coordinator of the temporary release programs denying petitioner's request for temporary release. An inmate of the Wallkill Correctional Facility, petitioner applied for participation in the facility's temporary release program (see Correction Law, art 26). After being informed that he was being considered for release as an offender with a possible history of mental instability due to certain information contained in his presentence report, petitioner invoked his right to a hearing on that question. A single hearing concerning both the question of petitioner's mental stability and his suitability for temporary release was held. In separate determinations, the facility's temporary release committee found that petitioner was an offender with a history of mental instability and denied his application for temporary release. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding to annul both determinations. Special Term granted respondents' motion to dismiss the petition on the grounds that petitioner had failed to state sufficient grounds for any relief and that he had no legal right to any relief. On this appeal, petitioner argues that Special Term should not have summarily dismissed his petition as being legally insufficient. In support of his position, petitioner points to the allegations in his petition whereby he states that he was denied access to his presentence report and was thus denied any meaningful attempt to challenge the basis upon which he was found to have a history of mental instability. It is significant, however, that the petition does not charge respondents with any violation of statutory law or prison policy and rules in the manner in which his hearing was held. Nor does the petition challenge the adequacy of the reasons given by the temporary release committee for denying petitioner's application for temporary release, which involved the nature of the criminal acts committed by petitioner, and had nothing to do with the findings of mental instability being challenged in this proceeding. As noted by Special Term, the determination that an applicant had a history of mental instability has relevance only when that applicant is approved for temporary release. In those instances, further investigation is required and final approval by the temporary release program's central office must be obtained before the prisoner can be released. Where, as here, petitioner's request for temporary release was denied for valid reasons relating to the violent nature of his past acts (see *Matter of White v Vincent,* 88 Misc 2d 914), the argument that petitioner did not have an opportunity to challenge the grounds upon which he was found to be mentally unstable cannot entitle him

to any legal relief since that finding was irrelevant to the denial of his application. Moreover, even if the issue regarding the finding of mental instability was relevant to the relief being sought, the actions of the various correctional employees who denied petitioner access to his presentence report were proper in the absence of court authorization (see CPL 390.50). Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Casey, Mikoll and Levine, JJ., concur.